IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| **SUNGUARD AVAILABILITY SERVICES, LP,** | 06-CV-320-ST |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **PRIMEDOMAIN INTERNATIONAL, INC.,** | |
| Defendant. | |

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Application for Entry of Default Judgment (#18). For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Application.

PROCEDURAL BACKGROUND

On March 9, 2006, Plaintiff Sunguard Availability Services,

1 - OPINION AND ORDER

LP, filed a Complaint against Defendant PrimeDomain International, Inc., for breach of contract.  On March 14, 2006, Plaintiff served Milton Barnes, registered agent for Defendant, with a copy of the Summons and Complaint.  On March 20, 2006, Plaintiff served Anthony Barker, Secretary of Defendant, with a copy of the Summons and Complaint.

On April 18, 2006, Plaintiff filed a Motion for Entry of Default on the ground that Defendant failed to appear within 20 days after service of the Summons and Complaint.  On April 24, 2006, Defendant wrote a letter to the Court requesting an extension of time to obtain counsel and to make an appearance in this matter.  In response, the Court denied Plaintiff's Motion for Entry of Default with leave to renew after May 30, 2006.  The Court required Plaintiff to provide ten days notice to Defendant of Plaintiff's intent to seek a default before renewing its Motion for Entry of Default.

On May 19, 2006, Plaintiff served Defendant with a Notice of Intent to Seek a Default.  On June 6, 2006, Plaintiff's counsel spoke to Defendant's representative to inform her that Plaintiff would seek a default on June 16, 2006, if Defendant did not appear in this matter.  On June 8, 2006, Plaintiff's counsel memorialized the telephone conversation in a letter sent to Defendant's registered agent.

Plaintiff did not receive any response from Defendant.

2 - OPINION AND ORDER

Accordingly, on June 20, 2006, Plaintiff filed a Renewed Motion for Entry of Default.  On July 5, 2006, the Court granted the Motion and entered a default against Defendant.  On September 13, 2006, Plaintiff filed an Application for Entry of Default Judgment against Defendant for contract damages in the amount of $1,902,615.  Plaintiff also seeks attorneys' fees of $14,622.75 and costs of $3,188.37 pursuant to the contract.  Defendant has not responded to Plaintiff's Application.

## **FACTUAL BACKGROUND**

Plaintiff is a provider of software and processing solutions for financial services, schools, and the public sector. Plaintiff assists "information-dependent enterprises . . . to insure the continuity of their businesses."

Plaintiff's claims in this action arise from Defendant's breach of two contracts:  the Inflow Master Services Agreement and the Master Agreement for U.S. Availability Services Between Plaintiff and Defendant.  Under these contracts, Plaintiff agreed to provide specified services and Defendant agreed to pay for those services for a defined period.  Plaintiff performed under both contracts.  Defendant, however, failed to make payments for Plaintiff's services under the contract.  Plaintiff terminated both the Inflow Agreement and Master Agreement on October 31, 2005.  Plaintiff seeks damages under both contracts.

3 - OPINION AND ORDER

**DISCUSSION**

**I.   Inflow Agreement**

Under the Inflow Agreement, Plaintiff seeks unpaid monthly payments through the date Plaintiff terminated the contract in the amount of $136,995 and liquidated damages in the amount of $580,464 as provided for under the Inflow Agreement.

Under Oregon law, the liquidated-damages clause of this Agreement might be unenforceable as a penalty.  The Oregon Supreme Court, however, has held the party seeking to avoid enforcement of a contractual-damages clause has the burden to plead and to prove that the clause is invalid as a penalty. *Illingworth v. Bushong*, 297 Or. 675, 688 (1984).  *See also Martin Bros. Signs, Inc. v. Vice*, 118 Or. App. 304 (1993)(same).  Under Pennsylvania law, which governs the Inflow Agreement, the result is the same.  *See Trimback v. McDonald,* 176 Pa. Super. 376 (1954).  Defendant has not pled or proved the liquidated-damages clause is invalid as a penalty.

The Court, therefore, awards Plaintiff both the monthly damages and the liquidated damages agreed to in the Inflow Agreement.

**II.  Master Agreement**

Under the Master Agreement, Plaintiff seeks $197,526 in unpaid late payments and the remaining ten quarterly payments in the amount of $987,630.  Defendant has not appeared or presented

4 - OPINION AND ORDER

any objection to Plaintiff's requested contractual damages, and the amount of the damages is readily ascertainable under the Master Agreement.

Accordingly, the Court awards Plaintiff the late payments and the remaining ten quarterly payments due under the Master Agreement.

### III. Attorneys' Fees

Plaintiff requests attorneys' fees of $14,622.75 and costs in the amount of $3,188.37. Plaintiff, however, fails to support either of these amounts with time records or documentation. In addition, Plaintiff did not provide the Court with any information about the years of practice or experience levels of the attorneys who worked on this matter. Accordingly, the Court cannot determine if these amounts are reasonable.

The Court, therefore, denies Plaintiff's request for attorneys' fees and costs with leave to renew the request with appropriate supporting evidence.

### CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in**

5 - OPINION AND ORDER

**part** Plaintiff's Application for Entry of Default Judgment (#18).

IT IS SO ORDERED.

DATED this 25th day of September, 2006.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

6 - OPINION AND ORDER